# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT KEVIN WHEAT,<br><br>        Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>        Defendant. | Case No.: 17cv2496-MMA (RNB)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE;**<br><br>[Doc. No. 17]<br><br>**OVERRULING DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION;**<br><br>[Doc. No. 18]<br><br>**GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;**<br><br>[Doc. No. 11]<br><br>**DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT; AND**<br><br>[Doc. No. 14]<br><br>**REMANDING FOR FURTHER PROCEEDINGS** |

  On December 12, 2017, Plaintiff Scott Kevin Wheat filed this social security appeal challenging the denial of his application for disability insurance benefits. Doc.

1

No. 1. The Court referred all matters arising in this appeal to the Honorable Robert N. Block, United States Magistrate Judge, for report and recommendation pursuant to section 636(b)(1)(B) of title 28 of the United States Code and Civil Local Rule 72.1. *See* Doc. No. 16. The parties have filed motions for summary judgment. Doc. Nos. 11, 14. On August 14, 2018, Judge Block issued a thorough and well-reasoned Report recommending that the Court grant Plaintiff's motion, deny Defendant's cross-motion, and remand the case for further proceedings. Doc. No. 17. Defendant has filed objections to the Report and Recommendation. Doc. No. 18.

## LEGAL STANDARD

The duties of the district court in connection with a Magistrate Judge's report and recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Where the parties file objections, "[a] judge of the [district] court shall make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). A district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *Wilkins v. Ramirez*, 455 F. Supp. 2d 1080, 1088 (S.D. Cal. 2006).

## DISCUSSION

Defendant objects to the Magistrate Judge's finding that the Administrative Law Judge ("ALJ") improperly rejected Doctor Arvin Mirow's opinion that Plaintiff was extremely limited in social functioning as supported by substantial evidence and inconsistent with Plaintiff's actual functioning. Doc. No. 18 at 1-4. Where, as here, the treating physician's opinion is contradicted by another doctor, the ALJ may not reject the opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for so doing. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). "An ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole, . . . or by objective medical findings." *Batson v. Comm'r of the SSA*, 359 F.3d 1190, 1195 (9th Cir. 2004). Additionally, an ALJ may

reject the opinion of a treating physician where there is an inconsistency between the opinion and a plaintiff's daily activities. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).

Here, substantial evidence does not support the ALJ's rejection of Dr. Mirow's opinion on the basis of inconsistency with mental status examinations. First, the ALJ cites only to Dr. Mirow's mental status examinations, many of which do not undermine his opinion. *See* AR at 24 (citing AR at 510, 515-16, 524-25, 614, 625-26, 630-31, 745-46). For example, Plaintiff reported frequent panic attacks and only leaving the house one to two times per week. AR at 508, 513, 522, 533, 612, 624, 629, 633, 638, 649, 655, 664, 669, 739, 744, 770. Additionally, Dr. Mirow found Plaintiff's psychomotor behaviors hypoactive, affect constricted, mood anxious, irritable and depressed, attitude discouraged, and his self-perception abasing. AR at 510, 515-16, 524, 613-14, 740-41, 745-46, 750-51, 755-56, 760-61, 772, 777-78, 783, 787-88, 793, 798, 803, 812, 823-24. At times, Dr. Mirow also found Plaintiff's appearance disheveled, his memory impaired and mood labile, that Plaintiff expresses suicidal ideation in thoughts, or found that his thought content reveals compulsions or obsessions. AR at 740-41, 745-46, 750-51, 755-56, 760-61, 771-72, 778, 783, 788, 793, 824.

Second, even if the Court were to consider other parts of the ALJ's decision in an effort to find support for his conclusions, many of the mental status examinations referenced elsewhere in the decision do not appear to substantially undermine Dr. Mirow's opinion. Plaintiff consistently reported symptoms of severe depression, anxiety, agoraphobia, and obsessive compulsive disorder. AR at 487-91, 503-04, 519, 527, 530, 542, 544, 643, 646, 764, 767, 807, 815. Further, the limitations assessed by Dr. Mirow relate to Plaintiff's ability to function socially, and other than noting Plaintiff was "cooperative" during the examinations, none of the mental status examinations cited in other parts of the decision specifically address Plaintiff's capacity for socialization. *See* AR at 488-91, 503-04, 531, 644, 647, 734, 765, 768. Accordingly, substantial evidence does not support the ALJ's rejection of Dr. Mirow's opinion as "inconsistent with mental

status examinations in evidence." *See* AR at 24; *see McAbee v. Colvin*, No. C16-482 RSM, 2017 WL 541477, at *5-6 (W.D. Wash. Feb. 10, 2017) (ALJ improperly rejected treating physician's opinion where ALJ did not cite to contradicting mental status examinations and other examinations were not related to the plaintiff's limitations).

Similarly, substantial evidence does not support the ALJ's rejection of Dr. Mirow's opinion as inconsistent with Plaintiff's actual functioning. Here, the ALJ specifically noted that Plaintiff reported that he helps prepare his 5-year-old son for school and helps with his homework, "can independently maintain self-care," "can prepare frozen dinners," and that "he does some cleaning and laundry as much as possible." AR at 25. Additionally, Plaintiff reported being able to drive and go out alone sometimes, shop for food, and handle finances. *Id.* Plaintiff further reported infrequently watching television, swimming, and camping, and indicated that his symptoms do not affect certain physical abilities, memory, completing tasks, understanding, following instructions, or getting along with others and authority figures. *Id.*

As an initial matter, the ALJ did not cite Plaintiff's second and more recent Function Report. *See* AR at 24-25. In this report, Plaintiff states that his "mental health condition affects [his] ability to talk or be around people." AR at 244. While he indicates that he "help[s] prepare [his] child for school," he also reported that his ability to go outside was "very limited" and that he could not do so alone. AR at 245, 247. Plaintiff also reported that his wife does the shopping, he doesn't see friends often, and that he gets along with authority figures "fine." AR at 247-50.

In any event, the ALJ does not explain his finding of inconsistency; rather he says that Plaintiff's reported activities are inconsistent with Dr. Mirow's opinion that Plaintiff's "signs and symptoms include a pervasive loss of interest in almost all activities and that [Plaintiff] is emotionally withdrawn and isolates." AR at 24; *see Embrey v. Bowen*, 849 F.2d 418, 42-221 (9th Cir. 1988) ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct."). None of the daily activities cited by the ALJ exceed Dr.

Mirow's opined limitations in social functioning. *Brandl v. Astrue*, No. CV 11-7719-SP, 2012 WL 3887097, at *4-5 (C.D. Cal. Sept. 7, 2012) ("The mere ability to perform activities of daily living . . . is not a specific and legitimate reason."); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits."); *see* AR at 234-42, 247-50 (reporting that Plaintiff's anxiety and agoraphobia affect his ability to talk or be around people and go outside alone). As such, the Court agrees with the Magistrate Judge that it "cannot discern an inconsistency" between Dr. Mirow's opinion and Plaintiff's function reports. Doc. No. 17 at 12.

## CONCLUSION

After reviewing the Report and Recommendation in its entirety, the Court finds Judge Block's conclusions are thorough, well-reasoned, and supported by applicable law. Accordingly, the Court **ORDERS** as follows:

1. The Report and Recommendation [Doc. No. 17] is **ADOPTED** in its entirety;

2. Defendant's Objections to the Report and Recommendation [Doc. No. 18] are **OVERRULED**;

3. Plaintiff's Motion for Summary Judgment [Doc. No. 11] is **GRANTED**;

4. Defendant's Cross-Motion for Summary Judgment [Doc. No. 14] is **DENIED**; and

5. The Court **REMANDS** this matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**.

Dated: September 11, 2018

Hon. Michael M. Anello
United States District Judge